## MACKALL vs. MACKALL.

EQUITY.   No. 8038.

{ Decided June 23, 1884.
{ Justices WYLIE, COX and JAMES sitting.

In a conveyance between parties holding a confidential relation to each other, the grantee, althoug not guilty of actual fraud, can take nothing from the deed which it would be inequitable for him, under the circumstances, and in view of that relation, to retain.   On the other hand whatever he should equitably retain the court will not disturb.   Such a case being distinguishable from one where the deed must be set aside entirely on the ground of fraud.

THE CASE is stated in the opinion.

S. S. HENKLE and R. M. NEWTON for plaintiff.

W. WILLOUGHBY for defendant.

Mr. Justice JAMES delivered the opinion of the court.

In the case of Mackall *et al.* against Mackall the bill set forth that Brooke Mackall, sr., conveyed, two or three weeks before his death, to his son, Brooke Mackall, jr., all of his property in Washington and Georgetown; that this deed was procured from him by acts amounting to actual fraud, by coercion and by undue influences growing out of the confidential relation in which the parties stood.   It sets out also a will dated about a month before the execution of the deed by which the grantor, Brooke Mackall, devised to his other children the same property.   An enormous amount of testimony was taken for the purpose of showing that the defendant, Brooke Mackall, jr., had his father entirely under his control, and really coerced him, except during a period in which they were estranged from each other a month or two, during which time he made this will.

We have examined this testimony with a great deal of care, and we are not satisfied that *actual* fraud was exerercised.   It is shown, however, that the defendant, during a considerable period and down to the death of his father, acted as his agent and stood in a confidential relation to him.   The rule of equity is that, in a conveyance between parties holding a confidential relation to each other, the

grantee shall take nothing from the deed which it would be inequitable, under the circumstances, for him to retain. Of course, if the deed was secured by fraud we should have to set it aside entirely; but we have come to the conclusion that the only thing demonstrated to us is that a deed was executed between the parties, one of whom stood in a confidential relation to the other, and that if there is anything in that deed which he ought not in view of that relation to retain, he cannot retain it. If, on the other hand, there is anything which it would be equitable for him to retain, we should. to that extent, sustain the deed; such a case being distinguishable from a case in which the whole deed must be treated as a nullity because it was obtained by fraud. In looking, therefore, through the testimony, we find that Brooke Mackall, sr., long before this will was made, gave an equitable title to certain property on the corner of New York avenue and Fourteenth street to his son, Brooke Mackall, jr. Now if, without the exercise upon him of any of the influences of this confidential relation, the grantor gave this property to his son—in other words, if it originated in the will of the grantor himself—the will should not be disturbed. In determining this fact, viz., whether the gift was the voluntary act of Brooke Mackall, sr., we confess it looked at first as if it also had been a transaction under the influence of this confidential relation existing between the grantor and grantee; but we find that in a certain transaction with the government Brooke Mackall, sr., acted in an adverse relation or character to another party. He was not then conducting a transaction with Brooke Mackall, jr., but was acting against the Government, and in that transaction he insisted upon the right of his son, Brooke Mackall, jr., to receive rents from the Government for the use of this particular piece of property, on the ground that it was the property of his son. In other words, we found that he had made this gift on a good consideration, that he had put the grantee in possession, and that the latter expended more or less money on the property after that, perhaps not a very considerable sum, but the facts show sufficient to establish

en equitable title as between himself and his father. When, therefore, this deed was afterwards executed, so far as it confirms what was done in the exercise, as we think. of a free will and an actual intention, it was a valid deed and must to that extent be allowed to stand.

The decree consequently is that as to the property situated on New York avenue and Fourteenth street this deed is valid, but as to all the rest it is not.